UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOMTOM, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORMAN IP HOLDINGS, LLC, <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff TomTom, Inc. ("TomTom"), by and through their undersigned attorneys, complain of Defendant Norman IP Holdings, LLC ("Norman IP Holdings") as follows:

### THE PARTIES

1. Plaintiff TomTom is a Massachusetts corporation with a principal place of business located at 150 Baker Avenue, Concord, MA 01742.

2. Defendant Norman IP Holdings is a Texas corporation with a principal place of business located at 100 E. Ferguson, Suite 816, Tyler, TX 75702. Norman IP Holdings purports to own numerous patents, including U.S. Patent Nos. 5,530,597 (the "'597 Patent"), U.S. Patent No. 5,502,689 (the "'689 Patent"), and U.S. Patent No. 5,608,873 (the "'873 Patent").

### JURISDICTION AND VENUE

3. Norman IP Holdings is subject to specific personal jurisdiction in this Court by virtue of having transacted business in this state by, amongst other activities, initiating patent infringement litigation against TomTom, a Massachusetts corporation.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## COUNT I – U.S. Patent No. 5,530,597

6. An actual and continuing controversy exists between TomTom and Norman IP Holdings regarding TomTom's alleged infringement of the '597 Patent for at least the reason that Norman has filed a lawsuit alleging that TomTom products, including its global positioning devices, infringe the '597 patent.

7. TomTom has not infringed, and/or has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and/or enforceable claims of the '597 Patent.

8. TomTom is therefore entitled to a judicial declaration that it has not infringed any properly construed, valid and/or enforceable claims of the '597 Patent.

## COUNT II – U.S. Patent No. 5,502,689

9. An actual and continuing controversy exists between TomTom and Norman IP Holdings regarding TomTom's alleged infringement of the '689 Patent, for at least the reason that Norman has filed a lawsuit alleging that TomTom products, including its global positioning devices, infringe the '689 patent.

10. TomTom has not infringed, and/or has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and/or enforceable claims of the '689 Patent.

11. TomTom is therefore entitled to a judicial declaration that it has not infringed any properly construed, valid and/or enforceable claims of the '689 Patent.

## COUNT III – U.S. Patent No. 5,608,873

12. An actual and continuing controversy exists between TomTom and Norman IP Holdings regarding TomTom's alleged infringement of the '873 Patent, for at least the reason that Norman has filed a lawsuit alleging that TomTom products, including its global positioning devices, infringe the '873 patent.

13. TomTom has not infringed, and/or has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and/or enforceable claims of the '873 Patent.

14. TomTom is therefore entitled to a judicial declaration that it has not infringed any properly construed, valid and/or enforceable claims of the '873 Patent.

## COUNT IV – NORMAN IP HOLDINGS' PATENT INFRINGEMENT CLAIMS ARE BARRED IN WHOLE OR IN PART

15. Upon information and belief, at least certain TomTom products accused of infringement by Norman IP Holdings benefit from a license to one or more of the patents-in-suit granted by the predecessors of Norman IP Holdings and/or by the previous holders of the patents-in-suit.

16. Norman IP Holdings' claims against TomTom are barred in whole or in part under the doctrine of estoppel due to conduct by the predecessors of Norman IP Holdings and/or by the previous holders of the patents-in-suit.

17. Upon information and belief, Norman IP Holdings' claims against TomTom are barred in whole or in part under the doctrine of patent exhaustion due to previous licensing and/or attempted enforcement of one or more of the patents-in-suit by Norman IP Holdings, its predecessors, and/or the previous holders of the patents-in-suit.

**PRAYER FOR RELIEF**

WHEREFORE, TomTom prays that this Court enter declaratory judgment:

A.     Declaring that TomTom has not infringed, and has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and/or enforceable claims of the '597 Patent and/or that TomTom is not liable to Norman IP Holdings for any damages for the alleged infringed of the '597 Patent;

B.     Declaring that TomTom has not infringed, and has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and/or enforceable claims of the '689 Patent and/or that TomTom is not liable to Norman IP Holdings is not liable for any damages for the alleged infringement of the '689 Patent;

C.     Declaring that TomTom has not infringed, and has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and/or enforceable claims of the '873 Patent and/or that TomTom is not liable to Norman IP Holdings is not liable for any damages for the alleged infringement of the '873 Patent;

D.     Declaring that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding TomTom the fees and costs of this action, including reasonable attorneys' fees and litigation expenses; and

E.     Awarding TomTom any such other and further relief as the Court may deem just and proper.

TomTom demands a jury trial on all issues so triable by jury.

Respectfully submitted,

Dated: February 23, 2012

                                     /s/
Michael R. Gottfried (BBO #542156)
Christopher S. Kroon (BBO #660286)
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
Phone: 857.488.4200
Fax:  857.488.4201
MRGottfried@duanemorris.com
CSKroon@duanemorris.com

James H. Wallace, Jr. (to be admitted *pro hac vice*)
Brian H. Pandya (to be admitted *pro hac vice*)
WILEY REIN LLP
1776 K Street, NW
Washington, DC  20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)

*Counsel for Plaintiff TomTom, Inc.*