UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOMTOM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 12-10348-FDS |
| ) | |
| NORMAN IP HOLDINGS, LLC, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER ON REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

**SAYLOR, J.**

This is an action for a declaratory judgment that plaintiff TomTom, Inc. has not infringed three patents owned by defendant Norman IP Holdings, LLC. TomTom is a Massachusetts corporation with a principal place of business in Concord, Massachusetts. Norman is a Texas limited liability company with a principal place of business in Texas. After Norman sued TomTom for patent infringement in the United States District Court for the Eastern District of Texas, TomTom filed a complaint in this Court seeking a declaratory judgment of non-infringement.

Norman moved, under Fed. R. Civ. P. 12(b)(2), to dismiss the complaint for lack of personal jurisdiction. On July 26, 2012, Magistrate Judge Judith Dein issued a Report and Recommendation in which she concluded that the motion should be granted.

TomTom filed a timely objection to the Report and Recommendation. Upon *de novo* review, the Court adopts the Report and Recommendation of the Magistrate Judge in its

entirety. With respect to the specific objections raised by TomTom, the Court writes separately only to underscore several points.

TomTom objects to four factual findings regarding the lack of business contacts between defendant and Massachusetts, as well as to the failure to find that Norman is a non-practicing entity created solely for the purpose of enforcing patent licenses through litigation. However, those findings are consistent with the complaint, which alleges only that Norman has "transacted business in this state by, amongst other activities, initiating patent infringement litigation against TomTom." (Compl. ¶ 3). Neither the remainder of the complaint nor the filings related to the motion to dismiss suggest any specific "other activities" in Massachusetts; rather, TomTom contends that serving as a vehicle for patent litigation is Norman's *sole* activity. Thus, there was no error in the Magistrate Judge's findings concerning the absence of ordinary business contacts in the Commonwealth.

With respect to Norman's retention of Massachusetts-based counsel for out-of-state patent litigation—a fact that is accepted as true for these purposes—there was no error in the Magistrate Judge's determination that such activities do not form a basis for specific jurisdiction. The cases TomTom cites in its objection to the Report and Recommendation stand only for the proposition that a patentee *may* establish minimum contacts in a state when it hires counsel for the enforcement or defense of the patent in that state's courts. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1339 (Fed. Cir. 2008) (finding no personal jurisdiction where defendant's enforcement activities took place outside the forum state, and plaintiff failed to allege that defendant had attempted to enforce its patents-in-suit in any court in the forum). *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 792 (Fed. Cir. 2011) ("We

made clear in *Avocent* that enforcement activities taking place outside the forum state do not give rise to personal jurisdiction in the forum, and that decision is controlling here."). Here, all of Norman's enforcement actions have been commenced elsewhere. Those actions do not constitute sufficient minimum contacts with Massachusetts to support the exercise of personal jurisdiction. *See Radio Systems*, 638 F.3d at 789.

For those reasons, the Court agrees with the Magistrate Judge that TomTom has established neither the existence of personal jurisdiction nor a "colorable case" for personal jurisdiction that is sufficient to warrant jurisdictional discovery under *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 637 (1st Cir. 2001). *See also Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 681 (1st Cir. 1992) (noting that jurisdictional discovery may be suitable "where the plaintiff had been diligent and was somewhat unfamiliar with his adversary's business practices"); *Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079, 1086 (1st Cir. 1973) (finding the same, where "complex factual matters are in question").

Accordingly, and for the foregoing reasons, the Court adopts the Report and Recommendation of the Magistrate Judge. The Motion to Dismiss filed by Defendant Norman IP Holdings, LLC, is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: September 4, 2012